<u>NOT FOR PUBLICATION</u>

<u>UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY</u>

———————————————————
:
LEONID KHRAKOVSKIY,                             :
:
       Plaintiff,                                  :
:          Civil Action No. 06-1033 (MCA)
       v.                                          :
:                   **OPINION**
HELEN DENISE; MAYBE MOM, INC.;                  :
and WALGREEN, CO.,                              :
:
       Defendants                                  :
———————————————————:

**<u>ARLEO, JR., U.S.M.J.</u>**

       This matter comes before the Court on the motion by plaintiff Leonid Khrakovskiy ("Plaintiff") for partial summary judgment[1] on his breach of contract claim (count one) against defendants Maybe Mom, Inc. ("Maybe Mom") and Helen Denise ("Denise") (sometimes collectively "Defendants"), pursuant to FED. R. CIV. P. 56. (Docket Entry No. 62). The motion for partial summary judgment is decided without oral argument pursuant to FED. R. CIV. P. 78. Defendants submitted no opposition to the motion.[2] For the reasons set forth below, this motion shall be **GRANTED**.

---

    [1] The parties previously consented to the undersigned's jurisdiction.

    [2] Under FED. R. CIV. P. 56(e)(2), an unopposed motion for summary judgment may be granted only if deemed appropriate, and thus, this Court will consider the merits of Plaintiff's arguments supporting entry of summary judgment. *See Anchorage Assocs. v. Virgin Islands Bd. Of Tax Rev.*, 922 F.2d 168, 175 (3d Cir. 1990); *see also Morrison v. Phillips*, 2008 WL 4308215, * 5 (D.N.J. Sept. 16, 2008).

## I. **BACKGROUND**

This action involves Plaintiff's claims for breach of contract against Defendants (count one); breach of contract against defendant retail store, Walgreen Company ("Walgreens") (count two); unjust enrichment against defendants (count three); and common law fraud against defendants (count four). *See generally Compl.* Defendants filed an Answer and asserted counterclaims for usury (counterclaim one); tortious interference with contract and with prospective economic advantage (counterclaim two); breach of contract (counterclaim three); breach of the covenant of good faith and fair dealing (counterclaim four); and fraudulent inducement (counterclaim five). *See generally Ans. & Counterclaims.* Plaintiff's claims and Defendants' counterclaims arise out of three loans memorialized by three promissory notes, respectively, that Plaintiff made to Maybe Mom, a corporation. Maybe Mom sold home pregnancy kits for sale in Walgreens' retail stores. *See generally Compl.*

As a preliminary matter, this Court observes that Plaintiff's legal arguments in support of his motion are premised on the parties' respective rights and obligations under the terms of the three loans at the heart of this case. On October 14, 2009 and October 23, 2009, this Court issued an Opinion and Order, respectively, which decided the merits of Plaintiff's motion for summary judgment on Defendants' counterclaims. This Court found that the record before it established several undisputed facts concerning the rights and responsibilities of the parties under the loans. Based on these undisputed facts, the Court determined, in essence, that over the course of less than three months, Plaintiff lent Defendants $115,000.00, excluding interest; Defendants, however, repaid only $2,000.00. Accordingly, the Court concluded that Plaintiff had demonstrated that, as to Defendants' Counterclaims I through V, there was "no genuine issue as

to any material fact and that [plaintiff] [was] [] entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). (Opinion of October 14, 2009 at 22). This is the law of the case, and this Court will not relitigate these settled issues. *See Public Interest Research Group of N.J., Inc. v. Magnesium Elecktron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997).

## II.  STANDARD OF REVIEW

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Cascara v. Pomeroy*, 313 F.3d 828, 832-33 (3d Cir. 2002). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence . . . ." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

"[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. As the Supreme Court has emphasized:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's

3

>case, and on which that party will bear the burden of proof at trial.
>In such a situation, there can be 'no genuine issue as to any
>material fact,' since a complete failure of proof concerning an
>essential element of the nonmoving party's case necessarily renders
>all other facts immaterial.

*Celotex,* 477 U.S. at 322.  *Accord* FED. R. CIV. P. 56(e).

If the moving party can demonstrate such an absence of evidence, the party opposing the motion must establish that a genuine issue as to a material fact exists and that a trial is necessary. *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985).  Federal Rule of Civil Procedure 56 does not require a court to "scour the entire record to find a factual dispute." *Dawley v. Erie Indem. Co.*, 100 F. App'x 877, 881 (3d Cir. 2004).  In meeting its burden, the non-movant cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial.  *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995).  "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment."  *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990); *see also* FED. R. CIV. P. 56(e).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23).  On the other hand, "[i]f the motion does not establish the absence of a genuine factual issue, the district court should deny summary judgment even if no opposing evidentiary matter is presented."  *Foster v. Morris*, 208 F. App'x 174, 179 (3d Cir. 2006).

## III. ANALYSIS

### A. Liability

To prevail on his breach of contract claim, Plaintiff must prove that (1) a contract existed between the parties, (2) Defendants breached a duty imposed by the contract, (3) Plaintiff performed his obligations under the contract and (4) Plaintiff was damaged as a result of Defendants' breach. *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 275 F. Supp .2d 543, 566 (D.N.J.2003).

As to the first element, it is undisputed that the parties executed three promissory notes to memorialize the three loans totaling $115,000.00. It is also undisputed that Plaintiff had a security interest in Defendants' accounts receivables from Walgreens, and that the security interest was memorialized by two factoring agreements, dated November 4, 2005 and January 3, 2006, respectively.

As to the second element, it is undisputed that Defendants failed to ever repay the loans, let alone timely repay them, except for $2,000.00. It is also undisputed that Plaintiff received only $23,080.85 in payments for specified Maybe Mom invoices totaling $185,763.46 as detailed in the two factoring agreements. *See Pl. Rule 56.1 St.*, ¶¶ 2, 6-7; *Sept. 9, 2008 Pl. Decl.*, ¶¶ 5-6, 12, 16 and Exhs. B, G.

As to the third element, it is undisputed that Plaintiff performed his obligations under the promissory notes by loaning Defendants a total of $115,000.00 plus interest as to only the first loan. Additionally, whether Plaintiff prematurely declared Defendants to be in default on the three loans does not create a genuine issue of material fact. As this Court already determined in its October 14, 2009 Opinion, no evidence has been presented that Defendants ever repaid their

5

loans.  Equally important, there is no evidence that had Plaintiff waited until after the grace period before declaring Defendants in default that Defendants had the financial means to repay the loans and would have repaid them.

Finally, as to the element of damages, proof of them is an essential element of a breach of contract claim.  *Gazarov v. The Diocese of Erie*, 80 F. App'x. 202, 206 (3d Cir. 2003).  Here, it is undisputed that Plaintiff has sustained damages as demonstrated by Defendants' failure to repay all but $2,000.00 of the three loans, excluding interest.

In short, Plaintiff has satisfied his burden at summary judgment.  He has demonstrated that there are no genuine issues of material fact that warrant presenting his breach of contract claim to a jury.  Thus summary judgment is granted as to Plaintiff's first cause of action for breach of contract.

B.      **Damages**

In support of his claim for damages, Plaintiff has submitted a Declaration, dated December 14, 2009, which includes a spreadsheet calculating interest on the three loans due from Defendants, using the rate of 24 percent consistent with the terms of the first loan.  *See Dec. 14, 2009 Decl.*, ¶ 2 and Exh. A.  Plaintiff also provided an alternative calculation using a rate of 8 percent. *See id.*

Plaintiff's Declaration does not clearly outline his damages in a manner which would enable the Court to determine the total amount of damages, excluding costs and attorney's fees. For example, Plaintiff's calculations rely, in part, on April 22, 2008 as the ending accrual date for interest — the significance of this date is unclear to the Court.  Similarly, the calculations appear to include $13,000 as additional principal — the significance of this amount is likewise unclear.

Accordingly, Plaintiff is directed to submit a revised affidavit of damages setting forth in itemized detail his damages concerning each of the three loans, including a calculation of interest at a rate of 24 percent only as it applies to the first loan for $100,000.  The revised affidavit shall also include the total amount of damages owed, excluding the $23,080.85 in payments that Plaintiff received in connection with the specified Maybe Mom invoices detailed in the two factoring agreements.  The revised affidavit of damages shall be submitted within fourteen (14) days of the filing of the accompanying Order.

## IV.  CONCLUSION

For the reasons stated above, this Court determines that Plaintiff has demonstrated that, as to his breach of contract claim (count one), "there is no genuine issue as to any material fact and that [he is] entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  Plaintiff's motion for partial summary judgment is **GRANTED**.  An accompanying appropriate order will be filed in connection herewith.

**A Final Pretrial Conference** shall be conducted pursuant to Civil Rule 16(d) at **11:00 a.m. on Tuesday, June 29, 2010** before the undersigned in Courtroom 2A of the Martin Luther King Federal Courthouse Building, 50 Walnut Street, Newark, New Jersey.

As to the remaining counts for breach of contract against Walgreens as well as unjust enrichment and fraud against the Maybe Mom defendants, a **trial** is scheduled to begin on **Tuesday, July 20, 2010 at 10:00 a.m.** before the undersigned.

*s/Madeline Cox Arleo*
MADELINE COX ARLEO, U.S.M.J.

Date:   May 21, 2010